**MARKET SERVICE ASSOCIATION, Plaintiff,**

v.

**PRODUCE, FRESH & FROZEN FRUITS, & VEGETABLES, FISH, BUTTER, EGGS, CHEESE, POULTRY, FLORIST, NURSERY LANDSCAPE & ALLIED EMPLOYEES, DRIVERS, CHAUFFEURS, WAREHOUSEMAN & HELPERS UNION, CHICAGO AND VICINITY, ILLINOIS, LOCAL 703, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

No. 94 C 2657.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 15, 1994.

S. Richard Pincus, Joshua David Holleb, Douglas M. Werman, Fox and Grove, Chartered, Chicago, for plaintiff.

J. Peter Dowd, Robert E. Bloch, Linda Wyetzner, Dowd & Bloch, Chicago, IL, Phillip Anthony Leutkehans, Schirott & Luetkehans, P.C., Itasca, IL, Harvey A. Roth, Chicago, IL, Margery E. Lieber, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

MANNING, District Judge.

This matter is before the court on the motion of the National Labor Relations Board ("NLRB"), (intervenors in this action) to stay all proceedings before this court pending a hearing before the NLRB. In this action plaintiff filed its complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 seeking a declaration that a collective bargaining agreement exists between plaintiff, Market Services Association ("MSA") and defendants, Produce, Fresh & Frozen Fruits, & Vegetables, Fish, Butter, Eggs, Cheese, Poultry, Florist, Nursery Landscape & Allied Employees, Drivers, Chauffeurs, Warehouseman & Helpers Union, Chicago and Vicinity, Illinois, Local 703, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union or Local 703").[1] For the reasons which follow, the motion to stay is denied.

## BACKGROUND

The NLRB filed a motion to stay further proceedings in this declaratory judgment action in light of a hearing before that body which had been scheduled for May 5, 1995. MSA seeks enforcement of an alleged collective bargaining agreement between MSA and Local 703 on behalf of MSA's employees which it contends was accepted by MSA and accepted and ratified by the Union in December of 1993.

According to MSA, in early 1993, MSA and the Union began to negotiate a collective bargaining agreement to succeed the 1987 contract which was to expire on March 31, 1993. At that time the Union was operating under a trusteeship imposed by the International Brotherhood of Teamsters. The trustee was Robert Simpson. The bargaining for the new contract continued through December 20, 1993. MSA asserts that the aforementioned bargaining resulted in an agreement between MSA and the Union. On or about January 28, 1994, before MSA and the Union had reduced the terms of their agreement to a final written form, the International Brotherhood of Teamsters removed the trusteeship and a new set of officers were installed to operate the Union. The new

1. During oral argument on the motion to stay MSA advised the court that its amended complaint also seeks a permanent injunction, damages and costs. The motion for leave to file the amended complaint has now, in the interim between the date of oral argument and the date of the filing of this written memorandum and order, been denied.

officers at first allegedly refused to communicate with MSA about the new contract and subsequently disavowed the December 20, 1993 agreement. On or about March 21, 1994, MSA provided the Union with a proposed written memorialization of the contract embodying the terms agreed to on December 20, 1993. On April 4, 1994, the Union leadership refused to execute the contract and proposed different terms. On April 28, 1994, MSA filed this action in the federal district court.

On May 23, 1994, the Union filed its answer as well as an unfair labor practice charge with the National Labor Relations Board alleging that the Association and forty-eight named employers had violated Sections 8(a)(5) and 8(d) of the National Labor Relations Act ("NLRA"). On October 12, 1994, after an investigation and internal analysis the Regional Director for Region 13 of NLRB issued an administrative complaint against MSA. The NLRB charged MSA with unfair labor practices, as follows: (1) Since about January 1994, MSA has implemented unilateral changes in the terms and conditions of employment, including but not limited to wages, bonuses, job classifications, and contributions to the health and welfare, pension, and severance benefits funds, without bargaining with the Union; and (2) Since about March 21, 1994, and continuing to date, MSA has failed and refused to meet and bargain with the Union in good faith as the exclusive collective bargaining representative. This court heard and denied a motion for preliminary injunction on November 8, 1994. The NLRB scheduled a hearing before an administrative law judge for May 1995.[2] NLRB filed a motion to stay this court proceeding until the May 1995 hearing.[3]

## DISCUSSION

The issue before this court is whether this court should stay its proceedings pending resolution of the related proceedings before the NLRB. According to the NLRB, staying this action would: (1) conserve judicial resources; (2) assure appropriate deference to the jurisdiction and expertise of NLRB; and (3) avoid a substantial potential for conflicting findings by NLRB and this court as to the validity of the alleged agreement.[4]

The Union supported the MSA motion to stay, for the following reasons: (1) The NLRB has agreed to move up the hearing; (2) There are a number of related unfair labor practice charges that are pending before the NLRB that do not relate directly to the formation of the contract but are part of the labor dispute that has been going on in connection therewith; and (3) The NLRB has some expertise on those specific issues it will be examining on the question of contract formation that the federal courts do not necessarily have. The Union asserts that the question of contract formation, which is the issue in this case, falls more within the province and expertise of the NLRB.

According to MSA the motion to stay should be denied because; (1) the Supreme Court and Congress have rejected the NLRB's claim to superior expertise over labor contract issues: (2) the Seventh Circuit Court of Appeals, in *Sheet Metal Workers Local 20 v. Baylor Heating and Air Conditioning, Inc.*, 877 F.2d 547, 551 (7th Cir. 1989), rejected an identical NLRB motion to stay based upon a potential for conflicting findings and has concluded that the NLRB should defer to the courts in contract disputes; and (3) Congress has already determined the allocation of resources when it enacted Section 301 giving the courts jurisdiction over interpretation of labor agreements. MSA asserts that the potential for conflict is exaggerated by NLRB because if the court resolves the issue of whether a

2. Counsel for NLRB informed the court, at oral argument, that because it recognizes the exigency of the situation he was authorized to report that the hearing would be expedited. Upon questioning, however, he was unable to provide an exact timetable of the expedited proceeding.

3. The union orally argued in support of the NLRB motion, but presented no written submission.

4. However, all parties conceded that there is concurrent jurisdiction and that the question of whether to stay the proceeding is within the sound discretion of the court.

bargaining agreement exists, NLRB would be estopped from further action.

■ NLRB has jurisdiction to resolve unfair labor complaints; the district court has jurisdiction to interpret collective bargaining agreements; and the district court has jurisdiction both to resolve unfair labor complaints and to interpret collective bargaining agreements. (*Sheet Metal Workers*, 877 F.2d 547, 550). When a case involves both the interpretation of a collective bargaining agreement under Section 301 of the Labor Management Relations Act ("LMRA") and allegations of violations of the NLRA, the federal district court and NLRB have concurrent jurisdiction. (*Sheet Metal Workers Local 20 Air Conditioning, Inc. v. Baylor Heating*, 688 F.Supp. 462, 469 (S.D.Ind. 1988)). When the underlying controversy is primarily contractual, NLRB should defer to the courts. *Sheet Metal Workers*, 877 F.2d 547, 551.

In *Sheet Metal Workers*, NLRB filed a motion to stay on contractual issues raised by the parties. Baylor Heating and Air Conditioning, Inc. ("Company"), defendant-appellant, and Sheet Metal workers Local Union No. 20 ("Union"), plaintiff-appellee, signed a prehire collective bargaining agreement authorized by NLRA. The Union and the Sheet Metal Contractors' Association of Evansville, Inc. negotiated the agreement and, the Company voluntarily agreed to be bound by its terms. The agreement went into effect on May 1, 1984, and was scheduled to expire on April 30, 1987.

In January 1987 the Union anticipated renewal of the agreement and advised the Company that it wished to amend the agreement. On February 26, 1987 the Company advised the Union that it did not intend to sign a new agreement. The Company refused to negotiate with the Union. On March 6, 1987 the Union filed an unfair labor charge with the NLRB charging that the Company refused to bargain in violation of Section 8(a)(5) of the NLRA. 29 U.S.C. 158(a)(5). The NLRB found no violation by the Company and refused to issue a complaint for unfair labor practices against the Company. The Union invoked the collective bargaining agreement's interest arbitration clause to submit the dispute to the Adjustment Board ("Arbitrator") for resolution. In reliance on the NLRB's determination the Company chose not to participate in the proceeding before the Arbitrator. The Arbitrator decided in favor of the Union to enforce the interest Arbitration clause and ordered the Company to execute a new agreement with the Union beginning June 1, 1987 and ending June 30, 1991. The Union filed suit to enforce the arbitration award.

On November 19, 1987 the Company filed unfair labor charges with NLRB against the Union. The Company then moved the district court to stay its proceedings until the NLRB resolved the unfair labor charges. The district court denied the stay, found the Company's contractual duties were more exacting than its statutory duties, and granted summary judgment in favor of the Union enforcing the arbitration award. The Company appealed the decision of the district court.

The district court denied the stay and the court of appeals affirmed the decision of the district court. The court reasoned that: (1) when the underlying controversy is primarily contractual, NLRB should defer to the courts; and (2) granting a stay would not resolve the dispute promptly.

■ In the instant case, although the action has been pending before the NLRB only since October 12, 1994, there is no guarantee that a hearing on the unfair labor charge that underlies this controversy will be heard as expeditiously as this court can hear it. All discovery is complete and the case is ready for trial. This court is available to hear the case at trial in December, 1994. MSA likewise is ready to proceed. The union however, states that it cannot be ready until at least January, 1995. The counsel for NLRB represented that a hearing before that body could be held in an expedited fashion; however, upon questioning by the court counsel could not indicate when an administrative law judge (ALJ) would be available, when the ALJ would render its recommendation, or tell how long the NLRB would take in accepting or rejecting the recommendation of the ALJ. Federal policies

favor disposition of labor disputes in 6 months under NLRA. (*United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); and 29 U.S.C. 160(b)). The Seventh Circuit Court of Appeals stated in *Sheet Metal Workers,* 877 F.2d 547, 550, that further delay runs counter to a basic tenet in our national labor policy—labor disputes should be resolved promptly. Furthermore, as the Seventh Circuit Court of Appeals found in *Sheet Metal Workers,* this court finds in the instant case, that since the underlying controversy is primarily contractual, and taking into account the exigency of the situation, the NLRB should defer to the courts.

## CONCLUSION

For the reasons discussed above and in the exercise of its sound discretion, this court denies the motion for stay of the court proceedings.